IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

YUSUF ISMAIL-KHALID,                     :
                                         :
                     Plaintiff           :
                                         :
VS.                                      :
                                         :
DR. ALSTON, *et al.*,                    :          CIVIL ACTION NO. 1:03-cv-154(WLS)
                                         :
                     Defendants          :          **RECOMMENDATION**

_____

On June 15, 2004, plaintiff **YUSUF ISMAIL-KHALID** was instructed to file a supplement to his originally filed civil rights complaint because the complaint was incomplete. On July 19, 2004, the Court received plaintiff's supplement.

Plaintiff is currently incarcerated at Hays State Prison. In his original complaint, plaintiff complains that while he was incarcerated at Johnson, Rutledge, and Calhoun State Prisons, defendants ALSTON (a doctor at Johnson), HERCZEG (a nurse at Rutledge), AINA (a doctor at Rutledge), and AYERS (a doctor at Calhoun) were deliberately indifferent to plaintiff's serious medical needs relating to his severe knee problems. Plaintiff complains that, on or about March 2003, upon plaintiff's transfer from Johnson to Rutledge State Prison, defendant Nurse Herczeg withdrew plaintiff's medical profiles, discontinued plaintiff's profile for a knee brace, and confiscated plaintiff's knee braces because officials at Johnson State Prison had observed plaintiff "vigorously" playing basketball, in noncompliance with plaintiff's profiles and treatment plans. Plaintiff additionally complains that Dr. Aina thereafter concluded that no knee brace or further medical treatment with plaintiff's orthopedic surgeon was necessary.

Plaintiff explained in his supplement that he made a request for a knee brace by means of letter dated September 14, 2003 to Dr. Ayers. According to plaintiff, Dr. Ayers refused to approve a knee brace for plaintiff, despite the fact that Ayers had previously approved the brace, in 2001, stating "if you can play basketball, you can walk stand climb, etc..."

Plaintiff now alleges for the first time that Dr. Alston's actions in discontinuing plaintiff's profile for a knee brace were in retaliation for plaintiff filing grievance # 452220 against Dr. Alston on February 26, 2003.

## I. FRIVOLITY REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.

First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  "Deliberate indifference " has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; 3) by conduct that is more than mere negligence.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).  Moreover, an injury is "sufficiently serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)), *rev'd on other grounds, Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  Not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim."  *Gutierrez v. Petters*, 111 F.3d 1364, 1372 (7th Cir.1997).

Not every claim by an inmate that he received inadequate medical treatment states a violation of the Eighth Amendment.  *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).  Mere allegations of negligence or malpractice do not amount to deliberate indifference.  *See Campbell v. Sikes*, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability).  Furthermore, the Eighth Amendment does not mandate that

the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." *Harris*, 941 F.2d at 1510.  Neither does a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment support an Eighth Amendment claim.  *Id.* at 1505; *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

Here, plaintiff's complaint fails to allege actions by Dr. Ayers, Dr. Aina, and Nurse Herczeg constituting deliberate indifference to any serious medical need.  Plaintiff acknowledges that all three responded to plaintiff's medical requests.  Moreover, defendants' decision to deny plaintiff's request for a knee brace is a medical judgment as to the appropriate course of treatment, and disagreement with that decision is not actionable under the Eighth Amendment.   Accordingly, it is **RECOMMENDED** that plaintiff's claims against Dr. Ayers, Dr. Aina, and Nurse Herczeg be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy hereof.

In a separate order, the Court has allowed plaintiff's retaliation claim against Dr. Alston to go forward.

**SO RECOMMENDED**, this 1st  day of December, 2004.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

4