IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| YUSUF ISMAIL-KHALID, | : | |
| Plaintiff | : | |
| VS. | : | **1: 03-CV-154 (WLS)** |
| DR. ALSTON, | : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending herein is the defendant's Motion for Summary Judgment, converted by the court from a Motion to Dismiss on December 20, 2005. The undersigned notified the plaintiff of the filing and conversion of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action on December 1, 2003, raising allegations of deliberate indifference to serious medical needs related to his knee. He further alleged that Dr. Alston discontinued his profile for a knee brace in retaliation for plaintiff having filed a grievance against him on February 26, 2003. The undersigned recommended that all claims but the retaliation claim be dismissed, and this recommendation was adopted by the district court on March 1, 2005. The defendant Dr. Alston filed a Motion to Dismiss based on a lack of exhaustion on December 19, 2005, attaching thereto an affidavit concerning plaintiff's grievance history. Based on the attachment of matters outside the pleadings, the undersigned converted the

motion to dismiss to a motion for summary judgment. *See* Order at # 29.  In what is now the defendant's motion for summary judgment, defendant Dr. Alston asserts that the plaintiff failed to exhaust his retaliation claim as required by the PLRA.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Attached to the defendant's motion is the affidavit of Sarah Draper, a Program Management Specialist for Inmate Affairs and Appeals for the Georgia Department of Corrections.  In this affidavit, Ms. Draper states that one of her duties is to maintain computer records of all grievances filed by the inmates housed by the Georgia Department of Corrections.  Ms. Draper further testifies that the plaintiff filed one grievance against Dr. Mary Alston on February 27, 2003, concerning claims that Dr. Alston negligently assessed the plaintiff's medical condition and need for profiles, and that this grievance was fully exhausted and appealed by the plaintiff.  Ms. Draper states that,

"Plaintiff has never filed any grievance that names Dr. Mary Alston and alleges that Dr. Alston discontinued Plaintiff's medical profile for a knee brace in retaliation for Plaintiff filing the above-referenced grievance."  Draper affidavit at ¶ 10.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a).  In response to the defendant's contention that the plaintiff never filed a grievance regarding the only remaining claim herein, to wit, that Dr. Alston retaliated against the plaintiff by removing his medical profiles, the plaintiff asserts that his initial grievance against Dr. Alston was fully exhausted and that certain exceptions to the exhaustion requirement apply.  Specifically, the plaintiff quotes case law providing that "exhaustion is not required where no real genuine opportunity for adequate relief exist [sic] or irreparable injury will result".  However, the court notes that no such exceptions have been found to exist in regard to exhaustion under the PLRA.  "[T]he judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA."  Alexander v. Hawk, 159 F.3d 1321, (11th Cir. 1998).  *See also* Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001) (recognizing that there is no "irreparable injury" exception to the PLRA, nor is one necessary, inasmuch as courts have the inherent power to protect prisoners while they exhaust prison grievance procedures).   Finally, while it is clear that the plaintiff fully exhausted his initial grievance against Dr. Alston, it is equally as clear that this grievance does

not address the claim underlying this lawsuit, to wit, that Dr. Alston retaliated against the plaintiff for the filing of the initial grievance by removing his medical profiles.

Inasmuch as the plaintiff has failed to rebut the defendant's summary judgment showing the court must conclude that his claim of retaliation remains unexhausted, therefore barring a § 1983 action based thereon.  Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of May, 2006.

    /s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb