**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| YUSUF ISMAIL KHALID, : | |
|     Petitioner : | |
| v. : | 1:03-cv-154 (WLS) |
| NURSE HERCZEG, et. al., : | |
|     Respondents : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Doc. 36) filed on May 11, 2006. It is recommended that Defendant Dr. Mary Alston's Motion to Dismiss (Doc. 28), which was converted by the Court to a Motion for Summary Judgment (Doc. 29), be **GRANTED**. (Doc. 36). Petitioner filed his timely objection to this recommendation on June 5, 2006. (Doc. 37).

In his recommendation, the Magistrate Judge found that Plaintiff never grieved his claim that Defendant Dr. Mary Alston discontinued Plaintiff's medical profile for a knee brace in retaliation for Plaintiff filing a grievance against Defendant. (Doc. 36). While the Magistrate Judge found that Plaintiff fully exhausted an initial grievance against Defendant, it was also found that said initial grievance "does not address the claim underlying this lawsuit, to wit that Dr. Alston retaliated against the plaintiff for the filing of the initial grievance by removing his medical profiles." *Id*. It was therefore found that the subject claim of retaliation remains unexhausted. *Id*. Having so found, the Magistrate Judge found that the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997(e), which mandates that all prisoners wishing to bring suits pursuant to 42 U.S.C. § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action, dictates summary judgment for Defendant.[1] *Id*.

---

[1] While it was noted that Plaintiff quotes case law which seems to suggest that "exhaustion is not required where no real genuine opportunity for adequate relief exist [sic] or irreparable injury will result," it was also found that no such exceptions have been found to exist in regard to exhaustion under the PLRA. (Doc. 36, citing <u>Alexander v. Hawk</u>, 159 F.3d 1321, (11th Cir. 1998); <u>Jackson v. District of Columbia</u>, 254 F.3d 262 (D.C. Cir. 2001).

1

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 36) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein.

**SO ORDERED**, this __20th__ day of June, 2006.

                                                            __/s/W. Louis Sands__
                                                            **W. LOUIS SANDS, CHIEF JUDGE**
                                                            **UNITED STATES DISTRICT COURT**